IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02589-PAB

KENNETH L. SMITH,

    Plaintiff,

v.

HONS. CHRISTINE M. ARGUELLO,
STEPHEN H. ANDERSON,
BOBBY R. BALDOCK,
JAMES E. BARRETT,
ROBERT E. BLACKBURN,
MARY BECK BRISCOE,
WILLIAM J. HOLLOWAY, JR.,
MARCIA S. KRIEGER,
EDWARD W. NOTTINGHAM,
JOHN C. PORFILIO,
STEPHANIE K. SEYMOUR,
DEANELL REECE TACHA, and
TERRY FOX,
STEPHEN J. SORENSON, and
JOHN/JANE DOES 1-50, in their personal capacities only, and
LLOYD B. CLARK,
ERIC H. HOLDER, JR.,
DAVID GAOUETTE,
JEANETTE SWENT,
EDWARD ZAHREN, and
JOHN/JANE DOES 51-99, in their official capacities only, as representatives of
THE UNITED STATES DEPARTMENT OF JUSTICE,

    Defendants.

---

# ORDER

---

This matter is before the Court on the motion to dismiss by defendants Lloyd B. Clark, Eric H. Holder, Jr., David Gaouette, Jeanette Swent, Edward Zahren, and the United States Department of Justice [Docket No. 8] and plaintiff's Motion to Dismiss

Tort Claims Without Prejudice [Docket No. 13].  The defendants' motion is fully briefed and ripe for disposition.  The Court will also consider the claims against the other defendants *sua sponte*.[1]

## I. BACKGROUND

Most of plaintiff's allegations stem from his failure to receive his requested relief in a number of prior lawsuits brought in federal court.  He also alleges that opposing counsel in prior suits infringed his constitutional rights by seeking sanctions against him.  Finally, plaintiff challenges his inclusion on a "threat" list which prevents him from entering courthouses without "harassment" by U.S. Marshals.  He incorporates these allegations into two claims for relief, both of which invoke *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See* Compl. [Docket No. 1] at 41-44.

## II. STANDARD OF REVIEW

The Court will assess plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Menteer v. Applebee*, 196 F. App'x 624, 627 (10th Cir. 2006) (unpublished) ("[T]he appropriate basis for dismissing a *Bivens* claims is failure to state a claim upon which relief can be granted . . . .") (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1096 (10th Cir. 2005), *vacated in part on other grounds by Peoples v. CCA Det. Ctrs.*, 449 F.3d 1097, 1099 (10th Cir. 2006) (en banc)).  For a complaint to state a claim, it must contain "a short and plain statement of the claim showing that the pleader

---

[1]While plaintiff's motion to dismiss could be read to seek dismissal of all of his claims, its scope is unclear.  Consequently, and construing his filing liberally in light of his status as a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court will not assume that plaintiff has requested dismissal of his entire action.

is entitled to relief." Fed.R.Civ.P. (8)(a)(2). The Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Rule 8(a)'s "short and plain statement" mandate requires that a plaintiff allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face." *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

*Bivens* permits citizens to sue officials of the federal government for monetary damages arising out of the deprivation of constitutional rights. *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) ("*Bivens* claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs.") (citing *Bivens*, 403 U.S. at 388).

Plaintiff's allegations regarding defendants Krieger, Porfilio, Anderson, Tacha, Nottingham, Briscoe, Barrett, Blackburn, Baldock, Holloway and Seymour, all of whom are or were judges, are challenges to their legal decisions in his prior federal lawsuits. Court rulings are quintessential judicial conduct that do not support plaintiff's claims, as these defendants are entitled to absolute immunity, a fact already pointed out in a prior lawsuit brought by plaintiff. *See Smith v. Krieger*, 643 F. Supp. 2d 1274, 1293 (D. Colo. 2009) ("In *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), the Supreme Court stated

that a judge is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the act was a judicial one."); *see also Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (judge is absolutely immune from liability for judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors). Plaintiff's complaint contains no factual allegations supporting the conclusion that the judges acted "in clear absence of all jurisdiction" or that the acts were not judicial in nature. Rather, he simply disagrees with the judges' application of the law.[2] As a result, and accepting all the well-pleaded allegations in the complaint as true, his claims against defendants Krieger, Porfilio, Anderson, Tacha, Nottingham, Briscoe, Barrett, Blackburn, Baldock, Holloway and Seymour must be dismissed.

Plaintiff has named defendants Holder, Gaouette, and Swent "in their official capacities only, as representatives of the United States Department of Justice." A *Bivens* action, however, "lies against the federal official in his individual capacity – not . . . against officials in their official capacity." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Also, the complaint fails to allege, or otherwise show, "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, it merely identifies each individual's position with the Department of Justice, and therefore fails to state a *Bivens* claim.

Defendants Fox and Sorenson represented parties in plaintiff's previous lawsuits as Assistant United States Attorneys. Plaintiff alleges that they each made false

---

[2]Plaintiff also appears to be requesting that the Court overturn binding Supreme Court precedent on judicial immunity.

assertions in that litigation, with the intent to deprive him of his constitutional rights. *See* Compl. at 40-41. These allegations appear to stem from defendants Fox and Sorenson's arguments that plaintiff's filings were meritless and abusive. The complaint, however, fails to identify any false statements that Fox or Sorenson made or how any allegedly false statements led to the deprivation of plaintiff's constitutional rights. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). As such, the allegations against Fox and Sorenson fail to present a plausible claim for relief.

Plaintiff names defendants Clark and Zahren in their official capacities. As already noted, a *Bivens* action "lies against the federal official in his individual capacity." *Simmat*, 413 F.3d at 1231. Furthermore, plaintiff's allegations against Zahren fail to allege, in relation to the circumstances referenced by the complaint, "personal direction or . . . actual knowledge and acquiescence." *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992) (quotations and citation omitted).

Plaintiff alleges his First Amendment rights were infringed by defendants Clark, Zahren, and Arguello. The speech that plaintiff bases this claim upon appears to be certain statements plaintiff makes in court pleadings invoking the citizenry's claimed right to assassinate their leaders, including his statement in *Smith v. Krieger*, No. 08-cv-00251, that if Judge Arguello does not withdraw the order dismissing his claims,

5

"citizens have both a legal right and a moral duty to assassinate our federal judges." Compl. at 38, ¶ 213 (quoting Mot. to Alter or Amend J. in *Smith v. Krieger*, 08-cv-00251-CMA-KMT [Docket No. 112] at 3). To the extent the complaint alleges this is not a threatening statement, the Court takes judicial notice that plaintiff ominously included a photograph of defendant Arguello shortly after making the above-quoted statement.

In regard to the claim against defendant Arguello, a judge of this Court, plaintiff alleges that U.S. Marshals visited his home to inform him that he had been placed on a "threat list" and could no longer enter courthouses without "harassment" by U.S. Marshals. The complaint suggests that he was placed on this list because of the threatening statements he included in pleadings before defendant Arguello. Plaintiff claims that "Smith could not have been placed on a threat list in the absence of a conspiracy" between defendant Arguello and the U.S. Marshals Service.[3] Plaintiff alleges that he later entered the Arraj federal courthouse to file a pleading and was "escorted to the file room" by a U.S. Marshal.

Although plaintiff characterizes the U.S. Marshals' visit to his home as "harassing," the only fact pled in support of that claim that is that the Marshals informed him of being on a list. Any implied argument that the First Amendment prevents the U.S. Marshals Service from informing him of that fact or investigating a threatening statement made to a federal judge is meritless. Although plaintiff claims that he was intimidated by his visit to the courthouse after being put on the list, he does not claim

---

[3]Plaintiff also names numerous "Does Unknown" as defendants. The only allegations of any conduct by unidentified parties relate to the visit to his home by the U.S. Marshals. Those allegations are insufficient to state a claim for the reasons discussed below.

6

that he was prevented from entering the courthouse or from filing his pleading, but only that he was escorted to the clerk's office.  None of these allegations suggests that he was prevented from filing pleadings or expressing himself in such pleadings, as the present lawsuit aptly demonstrates.  Nor do they suggest that being put on a threat list or being escorted to the clerk's office would chill a person of ordinary firmness in the exercise of constitutionally protected speech.  *See Smith v. Plati*, 258 F.3d 1167, 1177 (10th Cir. 2001).

Even if these allegations could state a claim for the deprivation of plaintiff's constitutional rights by someone, they could not do so against defendant Arguello.  The only allegation tying defendant Arguello to these actions by the U.S. Marshals is that, "[o]n information and belief," defendant Arguello "persuaded" the Marshals to visit plaintiff's home.  Plaintiff's complaint does not include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  Having alleged nothing to support his legal conclusions in his claims against defendants Clark, Zahren, and Arguello, such claims fail to state a plausible First Amendment claim.  *Twombly,* 550 U.S. at 564-70.

Finally, the issue arises whether the Court should provide plaintiff an opportunity to amend the complaint.  The Court concludes that, even if allowed another opportunity to state a claim, such opportunity would be futile.  Plaintiff's claims are based on the assumption that failure to receive the relief he requests, despite clear legal authority that he is not entitled to it, is itself a per se constitutional violation.  This assumption does not constitute a viable legal theory.  Given the nature of plaintiff's claims – that government employees associated with the dismissal of his previous federal lawsuits

7

have violated his constitutional rights – there is no reason to believe that plaintiff will be able to allege facts to support a viable legal claim. For these reasons, the Court, having liberally construed the *pro se* plaintiff's complaint, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), finds that dismissal of plaintiff's claims against all defendants with prejudice is appropriate, despite the fact that not all defendants have made an appearance in this action. *Cf. McKinney v. State of Okl., Dep't of Human Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) ("[A] *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile.") (citations omitted).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the motion to dismiss [Docket No. 8] is GRANTED. Further, it is

**ORDERED** that the claims against all defendants in this case are DISMISSED with prejudice. Further, it is

**ORDERED** that judgment shall enter against plaintiff and in favor of all defendants. Further, it is

**ORDERED** that plaintiff's motions for declaratory relief [Docket Nos. 5 and 6] are DENIED. Further, it is

**ORDERED** that plaintiff's motion for service [Docket No. 2] is DENIED as moot. Further, it is

**ORDERED** that plaintiff's motion to dismiss [Docket No. 13] is deemed moot.

DATED May 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge